No. 88-391

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

CITY OF BILLINGS,

Plaintiff and Respondent,

-vs-

LESLIE LINDELL,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell Fillner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert L. Stephens, Jr., Billings, Montana

For Respondent:

Hon. Marc Racicot, Attorney General, Helena, Montana
Dorothy McCarter, Asst. Atty. General, Helena
Russell Fagg, City Attorney, Billings, Montana

Submitted on Briefs: Feb. 23, 1989

Decided: March 31, 1989

Filed:

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case comes on appeal from a judgment in the Thirteenth Judicial District, Yellowstone County, the Honorable Russell Fillner presiding. The lower court found the appellant, Leslie Lindell, guilty of the offense of Speeding and Driving While License Suspended. We affirm.

On May 21, 1987, Billings police officers stopped appellant's vehicle for exceeding the posted speed limit. Officer John Carpani requested that appellant produce his driver's license. Appellant could not do so, but assured the officer he indeed possessed a license. Officer Carpani radioed for a license check through the State bureau. However, because the system was not operating correctly, Officer Carpani received a "negative" response. Appellant was issued a speeding citation and released. Later, the dispatcher reported that appellant's license was suspended. The officers proceeded to appellant's residence where they issued a second citation for driving while license suspended.

At trial, the City of Billings offered into evidence a certified abstract of driving history and a certified copy of a letter notifying appellant that his driver's license suspension had been extended through September 4, 1987. The extended suspension was due to a January 6, 1987 conviction for Driving While License Suspended. Appellant challenged the exhibits' admissibility, contending the documents violated hearsay prohibitions and the best evidence rule. The trial judge admitted the evidence over appellant's objections, and took the case under advisement pending receipt of briefs. Thereafter, appellant failed to file a brief in support of his arguments. On May 31, 1988, deeming the matter submitted pursuant to the evidence, the District

2

Court found Leslie Lindell guilty of the offenses of Speeding and Driving While License Suspended.

Appellant presents two issues for our review:

1. Were the certified abstract of driving history and the certified copy of the suspension notification letter properly admitted as evidence?

2. Was the evidence presented sufficient to sustain a conviction?

The Division of Motor Vehicles has the duty of maintaining records of license convictions. Section 61-11-102(2), MCA; Lancaster v. Department of Justice (Mont. 1985), 706 P.2d 126, 42 St.Rep. 1425. However, we recognize the inherent difficulty in requiring the custodian to be present in court each time the records become necessary in a trial. To meet practical concerns, the Legislature developed a number of instances in which authenticity is taken as established for purposes of admissibility without extrinsic evidence. Section 61-11-102(6), MCA, is one such instance:

> A reproduction of the information placed on a computer storage devise is <u>an original</u> of the record for all purposes <u>and is admissible in evidence without further foundation</u> in all courts or administrative agencies when the following certification by a custodian of the record appears on each page:
>
> The individual named below, being a duly designated custodian of the driver records of the department of justice, motor vehicle division, certifies this document as a true reproduction, in accordance with 61-11-102(6), of the information contained in a computer storage device of the department of justice, motor vehicle division.
>
> Signed: _____
>                  (Print Full Name)

(Emphasis added)

The statute is abundantly clear; once properly certified, the exhibit is admissible without additional foundation. In the instant case, the abstract of driving was certified by a duly appointed custodian of the records. We need not examine this point any further.

The copy of the suspension notification letter, dated February 18, 1987, likewise included a certificate from the custodian of the files and records of the motor vehicle division, certifying that the information was a true and correct copy of the original. As a public document kept in accordance with the statutory mandate, the letter falls within the class of self-authenticating documents. Rule 902(4), M.R.Evid. In addition, contents of an official document authorized to be filed may be proven by a copy "[c]ertified as correct in accordance with Rule 902 . . ." and meet the requirements of the best evidence rule. Rule 1005, M.R.Evid. Finally, the exhibit falls within Rule 803(8), the public document exception to the hearsay rule. We find the letter was properly admitted by the District Court.

Appellant asserts that he did not receive the letter extending his suspension period and in fact, believed his driving privileges had been fully restored. However, we presume that "[a] letter duly directed and mailed was received in the regular course of the mail." Section 26-1-602(24), MCA. Nor does positive testimony by the addressee of nonreceipt nullify the presumption. General Mills, Inc. v. Zerbe Bros., Inc. (1983), 207 Mont. 19, 672 P.2d 1109. Instead, the determination of nonreceipt is left to the factfinder to give weight to the presumption he believes it is entitled. In the instant case, appellant presented no additional evidence, apart from his own testimony, to prove the letter was not received. On the other hand, the letter contained a certificate of mailing,

4

dated and signed by an officer of the department, and sent to appellant's home address, the same address testified to as correct during the trial.

Finally, appellant contends the evidence was insufficient to sustain the conviction. His argument, in large part, relies upon contentions already disposed of earlier in our opinion.

Our review of the record, in the light most favorable to the City, indicates there exists substantial evidence upon which a reasonable mind could find appellant guilty. State v. Wilson (Mont. 1981), 631 P.2d 1273, 38 St.Rep. 1040. Specifically, the abstract of driving history, letter of suspension, and Officer Carpani's testimony collectively constitute substantial evidence on which to base the verdict.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices