**STATE of Maine**

v.

**John LAWTON, III.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 2, 1990.

Decided Oct. 25, 1990.

Janet Mills, Dist. Atty., Kevin Regan, Asst. Dist. Atty., Auburn, for the State.

Anthony W. Ferguson, Fales & Fales, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

COLLINS, Justice.

John Lawton, III appeals from his conviction after a jury-waived trial in the Superior Court (Androscoggin County, *Delahanty, J.*) of operating a motor vehicle after having been declared a habitual offender (Class C), in violation of 29 M.R.S.A. § 2298 (Supp.1989). He contends that his motion to suppress the results of the traffic stop should have been granted, and that the evidence was insufficient to support the Superior Court's finding that written notice of habitual offender status had been mailed to him at the last-known address shown by the records maintained by the Secretary of State. Finding no error, we affirm.

I.

Sometime in December 1988, the Sabattus Police Department received an anonymous letter stating that Lawton was living in Sabattus at Garden Heights Apartments,

apartment 34; that his driver's license was under suspension; and that he was operating a motor vehicle. The letter described the vehicle, gave the owner's name, and described details of Lawton's schedule and driving routine.

The Sabattus Police Department verified, by checking with the Department of Motor Vehicles, that Lawton's license was under suspension. Thereafter, a police officer observed "a male subject fitting the description of Mr. Lawton" come out of the apartment on December 21 at about 11:00 or 11:15 at night, take something out of the glove compartment of the vehicle, and re-enter the apartment.

On January 8, 1989, the same officer saw the same vehicle pull into a convenience store, and saw the same individual get out of the vehicle, go into the store briefly, and then come back out, get into the car, and drive away. The officer stopped the car and asked for a driver's license, registration, and insurance card; the driver said that he did not have a license, and identified himself as John Lawton, III.

At trial, the prosecution introduced a certificate from the Secretary of State's office that stated that Lawton's license had been revoked indefinitely pursuant to 29 M.R.S.A. § 2293 because he had been declared a habitual offender. Attached to the certificate were copies of a letter and mailing envelope showing that notice of habitual offender status had been mailed to Lawton in December of 1987 at 27 Dumas Street, Lisbon Falls, but returned marked "Moved. Left No Address."

Lawton testified that he had never received notice of his habitual offender status. He also testified that he had last lived on Dumas Street in Lisbon Falls in June of 1986, and that in December of 1987 he was living at the Garden Heights Apartments in Sabattus. He gave his current address at the time of the trial as 518 Webber Avenue, Lewiston, and testified that he had also lived there after leaving Dumas

Street, Lisbon Falls, in June 1986. Lawton introduced a copy of a traffic ticket dated November 27, 1986, for operating after suspension, on which his address was listed as 518 Webber Avenue, Lewiston.[1]

The Superior Court justice found beyond a reasonable doubt that Lawton was operating a motor vehicle on a public way while a habitual offender, and that the Secretary of State had mailed notice of habitual offender status to his last-known mailing address. Accordingly, he found Lawton guilty. Lawton now appeals.

## II.

■ Lawton first contends that the results of his traffic stop should have been suppressed because the anonymous letter was insufficient to support a reasonable suspicion of criminal activity, and therefore the stop was an unreasonable seizure.

We examine the precedents of the United States Supreme Court to determine whether the traffic stop was an unreasonable seizure subject to the exclusionary rule applied to the States pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. *See State v. Hasenbank*, 425 A.2d 1330, 1332 n. 2 (Me.1981).

The United States Supreme Court has recently considered this issue on facts quite similar to those of this case. *Alabama v. White*, — U.S. —, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). In *White*, police received an anonymous telephone tip naming White, describing her vehicle, the building she was about to leave, and the route she was about to take, and alleging that she was carrying cocaine. The police saw her come out of the named building, get into a car matching the description, and drive in the direction indicated; the Court held that the minor amount of police corroboration of the details of the anonymous tip provided reasonable suspicion sufficient to support the ensuing stop.

In this case, the contents of the anonymous letter were corroborated by the police

---

1. Lawton testified that the 1986 violation was the one that led to his being declared a habitual offender, and thus represented the Secretary of State's last notice of his whereabouts. How-ever, the Secretary of State's record, introduced as an exhibit at trial, shows a subsequent conviction in 1987 that led to the declaration of habitual offender status.

investigation, which included verifying the vehicle records and Lawton's description and habitual offender status, as well as observing Lawton remove items from the car late on a December evening. The degree of police corroboration in this case is at least as great as that in *White,* giving the police officer a reasonable, articulable suspicion of wrongdoing. Under the circumstances, no more was required to justify the investigatory stop.[2] *See Terry v. Ohio,* 392 U.S. 1, 20–22, 88 S.Ct. 1868, 1879–1881, 20 L.Ed.2d 889 (1968). The Superior Court thus did not err in denying Lawton's motion to suppress.

### III.

 Lawton contends that the evidence was insufficient to prove beyond a reasonable doubt that he was a person to whom written notice had been mailed at the last-known address shown by the records maintained by the Secretary of State. The sole factual issue in this regard was whether the Lisbon Falls address to which the Secretary of State mailed the notice was the last address known to the Secretary. Because 29 M.R.S.A. § 2304 requires the courts to submit an abstract of each conviction of a motor vehicle related offense to the Secretary of State, Lawton asserts that the traffic ticket introduced in evidence shows that the Secretary had his Lewiston address.

This argument is unpersuasive. There was no evidence to show that any such abstract was ever sent, nor that, if sent, it would have contained Lawton's address. There was no evidence that the traffic ticket introduced by Lawton was ever forwarded to the Secretary of State. Finally, Lawton conceded at trial that he had never notified the Secretary of State of his change of address after moving from Dumas Street, Lisbon Falls, as required by 29 M.R.S.A. § 546 (1978), which states in pertinent part:

> Whenever any person, after applying for or receiving an operator's license, shall move from the address named in such application or in the license issued to him ... such person shall within 10 days thereafter notify the Secretary of State, in writing, of his old and new addresses ...

Having failed to comply with this requirement, Lawton cannot now complain that the Secretary of State failed to notify him at his current address.

 The sole evidence as to the address contained in the Secretary of State's records as of December 1987, when the notice of habitual offender status was mailed, was the notice itself. That evidence was sufficient to support a finding that Lawton was "a person to whom written notice was sent by ordinary mail at the last-known address shown by the records maintained by the Secretary of State" within the meaning of 29 M.R.S.A. § 2298. *See State v. Barry,* 495 A.2d 825, 826 (Me. 1985).

The entry is:

Judgment affirmed.

All concurring.

---

**2.** Lawton does not contend that the police officer lacked probable cause to arrest him subse-

quent to his statements during the stop.