STATE of Maine

v.

Donald J. MORIN.

Supreme Judicial Court of Maine.

Argued Sept. 17, 1991.

Decided Oct. 10, 1991.

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein (orally), Asst. Dist. Atty., Bangor, for the State.

Wayne R. Foote (orally), Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Defendant Donald Morin appeals his conviction of operating a motor vehicle after having been found an habitual offender (Class C). Defendant claims that the admission of State's "Exhibit 1," a certificate and attached letter from the Secretary of State's office, violated the hearsay rule and the confrontation clauses of the United States and Maine Constitutions and, in addition, lacked proper foundation and was insufficient to support a guilty verdict. We affirm the conviction.

The defendant was arrested on November 20, 1990, for operating under the influence. During questioning at the scene, he gave a false name, later admitting that his license was under suspension. He was charged with operating under the influence and operating while an habitual offender. Prior to trial, defendant sought to exclude certain portions of two documents to be offered by the State: the Secretary of State's certificate (and attached computer printout of driving record) stating that defendant's license or right to operate a motor vehicle "was revoked as Habitual Offender effective May 7, 1990, for an indefinite period ...," and a copy of a letter dated April 24, 1990, notifying the defendant of the revocation and his opportunity for hearing. Defendant objected to essentially the entire substance of the certificate because it consisted of "factual conclusions allegedly based upon unidentified documentary records." Defendant objected to the portion of the attached letter which read "Mailed no later than: 04/27/89" because as a prediction of future mailing rather than a certification of past mailing, it was unreliable as proof that defendant received notice. Defendant's motion to exclude was denied at trial, and he was convicted.

Defendant based his defense to the habitual offender charge on the fact that he did not receive notice of the revocation of his license as required by 29 M.R.S.A. § 2298(1) (Supp.1990).[1] Defendant contends that the certificate and letter, the only proof offered by the State to show notice, were inadmissible as hearsay. De-

---

1. 29 M.R.S.A. § 2298(1) provides, in pertinent part:

No person found to be an habitual offender ... may operate a motor vehicle on a public way ... when that person's license, permit or privilege to operate a motor vehicle has been revoked under this chapter, when that person:
 A. Has received written notice of the revocation from the Secretary of State;
 B. Has been orally informed of the revocation by a law enforcement officer who is aware of the information as a result of records maintained by the Secretary of State ...;
 C. Has actual knowledge of the revocation; or

 D. Is a person to whom written notice was sent in accordance with section 2241, subsection 4.
29 M.R.S.A. § 2241(4) (Supp.1990) provides, in pertinent part:
Written notice is sufficient if sent by regular mail to the last known name and address provided by the person, as required by section 546, to the Secretary of State or, in the case of a person who has not applied for or who has not been issued a Maine operator's license, to the last address shown by the records maintained by the Secretary of State.
29 M.R.S.A. § 546 (1978) mandates that any person who has applied for or received an operator's license notify the Secretary of State within 10 days of any change of name or address.

fendant's argument is refuted by 29 M.R.S.A. § 58 (Supp.1990) which expressly supersedes the rules of evidence:

> Notwithstanding any other provision of law or rule of evidence, the certificate of the Secretary of State or his deputy, under seal of the State, shall be received in any court in this State as prima facie evidence of any fact stated in the certificate or documents attached thereto.

Assuming for the purposes of argument that the certificate and letter constitute hearsay, they are nonetheless admissible. *See also* M.R.Evid. 803(8) (hearsay exception for public records and reports).[2]

Defendant maintains, however, that 29 M.R.S.A. § 58 violates the confrontation clause because it allows the Secretary of State to testify by affidavit in criminal trials. Defendant does not suggest that the Secretary of State or a deputy must testify at every trial; he argues, however, that the confrontation clause requires at a minimum that certified copies of the actual records, rather than a certificate summarizing the contents of the records, be offered.

 It is well-settled that the confrontation clause does not require the exclusion of all hearsay evidence. *Dutton v. Evans,* 400 U.S. 74, 80, 91 S.Ct. 210, 215, 27 L.Ed.2d 213 (1970); *State v. Cugliata,* 372 A.2d 1019, 1030, *cert. denied* 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977). Rather, "in any given case the Constitution requires a reappraisal of every exception to the hearsay rule, no matter how long established, in order to determine whether ... it is supported by 'salient and cogent reasons.'" *Dutton v. Evans,* 400 U.S. at 80, 91 S.Ct. at 215. Whether the admission of hearsay violates rights to confrontation must be decided on a case-by-case basis. *State v. Twist,* 528 A.2d 1250, 1257 (Me. 1987) (citing *Dutton v. Evans,* 400 U.S. at 86, 91 S.Ct. at 218). Using the factors listed in *Dutton,* we will consider whether:

(1) the statements were admissible under a long-established exception to the hearsay rule ...; (2) they were not crucial to the state's case; (3) there was no indication that the [statements] were coerced; ██ being but one statement, the evidence did not result in wholesale denial of cross-examination of a witness; (5) defendant could have subpoenaed the declarant; and (6) circumstances surrounding the declarations showed they were reliable.

*State v. Cugliata,* 372 A.2d at 1030 (footnote omitted). It is not necessary that all of these factors be present as a pre-condition to constitutionality; the primary focus is whether circumstances surrounding the hearsay provide sufficient information to the jury to assess its reliability. *Id.*

██ In the present case, application of the *Dutton* factors supports the conclusion that defendant was not deprived of his right of confrontation by the admission of the certificate and letter. The "public records exception" to the hearsay rule is long-established;[3] the State's case included, in addition to the certificate and letter, the testimony of the arresting officer as to incriminating statements by the defendant; and, most importantly, the public records at issue are "inherently trustworthy" as a "data compilation of a public agency setting forth its regularly conducted and recorded activity." *Department of Human Services v. Hulit,* 524 A.2d 1212, 1215 (Me. 1987). The certificate is not rendered untrustworthy by the fact that the date of mailing is established by an outside limit.

██ Defendant additionally argues that notice was inadequate in this case because it was sent "to the last address shown by records maintained by the Secretary of State." He contends that 29 M.R.S.A. § 2241(4) differentiates between persons who had applied for or received a Maine

---

2. Other courts considering the admissibility of certified computer printouts of driving records have held such documents admissible. *See, e.g., Key v. State,* 166 Ga.App. 546, 305 S.E.2d 20 (1983); *Weaver v. State,* 404 N.E.2d 1180 (Ind. App.1980); *Billings v. Lindell,* 236 Mont. 519, 771 P.2d 134 (1989). *See generally* Annotation, *Proof of Public Records Kept or Stored on Electronic Computing Equipment,* 71 A.L.R.3d 232 (1976 & Supp.1991).

3. *See* 5 Wigmore, *Evidence* § 1632 (Chadbourn ed. 1974) and cases cited, *e.g., R. v. Aickles,* 1 Leach Cr.L. 436 (3d ed. 1785).

operator's license, and those who had not, so that notice to the former should be sent to the "last address provided by" the license holder. Defendant argues that because he once had a license, the certification that the letter was mailed to the "last known address shown by records maintained by the Secretary of State" is insufficient. Defendant ignores the fact that the records maintained by the Secretary of State include the addresses provided by license holders. *See State v. Lawton,* 581 A.2d 793, 795 (Me.1990).

We conclude that there is sufficient evidence to support a finding that defendant was given notice of his habitual offender status in accordance with the statute, and that admission of the certificate and letter did not deprive him of his rights under the confrontation clause.

The entry is:

Judgment affirmed.

All concurring.