JUSTICE REGNIER
delivered the Opinion of the Court.
¶1 The appellant, Dr. Linda L. Baldwin (Dr. Baldwin), a chiropractor, was disciplined by the Board of Chiropractors (Board) for practicing without a license during a lapse before her license was renewed. Dr. Baldwin appealed the Board’s decision to Montana’s Fourth Judicial District Court. The District Court found no error in the Board’s decision. Dr. Baldwin appeals. We reverse.
¶2 Dr. Baldwin raises three issues on appeal which we restate as follows:
¶3 1. Did the District Court err when it affirmed the Board of Chiropractors’ decision that Dr. Baldwin failed to renew her professional license on time and that she practiced chiropractic without a license?
¶4 2. Were Dr. Baldwin’s procedural due process rights violated when she was censured by the Board of Chiropractors for practicing without a license?
¶5 3. Did the District Court err when it held that willful conduct was not required to constitute a violation of § 37-12-301, MCA?
¶6 Because we find the first issue dispositive, we do not reach Dr. Baldwin’s second and third issues.
BACKGROUND
¶7 In August of 1998, Dr. Baldwin received a packet from the Department of Commerce (Department) regarding renewal of her chiropractic license. The Board of Chiropractors has been allocated to the Department for administrative purposes. Dr. Baldwin’s chiropractic license was to expire on September 1,1998. On August 17, 1998, Dr. Baldwin contacted Cheryl Smith (Smith), Administrator of the Board, to inquire whether mailing her renewal application that day would suffice. Smith told Dr. Baldwin that mailing the packet that day would allow sufficient time to process the renewal application before her old license expired. Although Dr. Baldwin apparently put the renewal application in the mail on August 17, 1998, the Board claims it did not receive it because it was not in her file.
*190 ¶8 After seeing two patients on September 2, 1998, Dr. Baldwin called Smith to inquire whether her license had been re-issued. Smith instructed her to stop seeing patients because her license had expired. Dr. Baldwin mailed a duplicate copy of her license renewal packet to Smith that same day. The following day, September 3, 1998, Smith informed Dr. Baldwin by telephone that she needed to submit a $25.00 late fee and that she could resume her practice on September 4,1998. ¶9 The Board initiated administrative proceedings against Dr. Baldwin, which resulted in issuance of a proposed order providing that Dr. Baldwin had engaged in “simple negligence,” but that no disciplinary action was warranted. Both the Board and Dr. Baldwin filed exceptions to the proposed order. After a hearing on February 14, 2001, a final order was entered finding that Dr. Baldwin had engaged in unprofessional conduct by practicing without a license. Dr. Baldwin was placed on probation for one year and a private letter of reprimand was placed in her license file. The final order further stated that the one-year probation period had already run. Dr. Baldwin appealed the Board’s final decision to the Fourth Judicial District Court. The District Court denied Dr. Baldwin’s request for reversal of the Board’s decision. Dr. Baldwin appeals.
STANDARD OF REVIEW
¶10 A district court reviews an administrative agency’s findings of fact to determine whether they are clearly erroneous in view of the reliable, probative and substantial evidence in the whole record. Langager v. Crazy Creek Products, Inc., 1998 MT 44, ¶ 13, 287 Mont. 445, ¶ 13, 954 P.2d 1169, ¶ 13; see also § 2-4-704, MCA. An agency’s conclusion of law will be upheld by a district court if the agency’s interpretation of the law is correct. Langager, ¶ 13. ‘We in turn employ the same standards when reviewing the district court’s decision, and must accordingly determine whether an agency’s findings of fact are clearly erroneous and whether its conclusions of law were correct.” Langager, ¶ 13.
DISCUSSION
¶11 Did the District Court err when it affirmed the Board of Chiropractors’ decision that Dr. Baldwin failed to renew her professional license on time and that she practiced chiropractic without a license?
¶12 Section 26-1-602(24), MCA, sets forth a disputable presumption that “A letter duly directed and mailed was received in the regular *191 course of the mail.” The Board does not dispute that Dr. Baldwin mailed her renewal packet on August 17,1998, as she claims she did; the Board simply asserts it did not receive the packet. Thus, Dr. Baldwin argues that the judgment made by the Board, and affirmed by the District Court, must be overturned because the Board failed to rebut the presumption that the packet mailed August 17, 1998, was received. She further argues that censure was inappropriate because she complied with the instructions on the renewal application, which state, “This form must be postmarked no later than September 1,1998 to renew your license.”
¶13 As the District Court articulated, however, Rule 8.12.601(1), ARM, provides that an application for renewal must be made on a form provided by the Board and completed and signed by the applicant, with the signature acknowledged before a notary public. Further, Rule 8.12.601(6), ARM, provides that the Board shall notify the applicant in writing of the results of its evaluation of the application.
¶14 Whether the disputable presumption of receipt is nullified is a question for the fact finder and the presumption is to be given such weight as the fact finder thinks it is entitled. General Mills, Inc. v. Zerbe Bro., Inc. (1983), 207 Mont. 19, 23, 672 P.2d 1109, 1111. After reviewing the record, the District Court concluded that sufficient evidence exists to support the Board’s finding that the presumption of receipt under § 26-1-602(24), MCA, was nullified, and thereby affirmed the Board’s decision. The District Court reasoned that Dr. Baldwin continued to see patients after September 1, 1998, even though she “knew the Board had a statutory duty to notify her in writing of the results of its evaluation of her application ....”
¶15 We believe the District Court erred. In City of Billings v. Lindell (1989), 236 Mont. 519, 771 P.2d 134, we held that the addressee’s testimony of non receipt, without additional evidence, was insufficient to overcome the presumption of receipt. In Jones v. U.S. (9th Cir. 1955), 226 F.2d 24, the Ninth Circuit held that the fact that the addressee’s records did not show receipt was insufficient to rebut the presumption of delivery. Here, the Board offered no evidence to support its claim of non receipt other than Smith’s testimony. The record is devoid of evidence that the Board utilized mail handling protocols or other office procedures that would support Smith’s claim that the renewal application was never received. Furthermore, while Rule 8.12.601(6), ARM, provides that the Board shall notify the applicant in writing of the results of its evaluation of the application, it does not prohibit an applicant seeking renewal from practicing *192 chiropractic before receiving said notice.
¶16 As such, we conclude that the Board failed to adequately rebut the presumption that Dr. Baldwin’s renewal application was mailed on time and received in the regular course of the mail. We hold that the District Court erred when it affirmed the Board’s decision that Dr. Baldwin failed to renew her license on time and practiced chiropractic without a license.
¶17 Reversed.
JUSTICES NELSON, COTTER and LEAPHART concur.