No. 04-362

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 109

WILLIAM S. CRISMORE, JR.,

        Petitioner and Appellant,

   v.

MONTANA BOARD OF OUTFITTERS,

        Respondent and Respondent.

APPEAL FROM:    District Court of the First Judicial District,
                      In and for the County of Lewis and Clark, Cause No. CDV-2003-520,
                      The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                David R. Stewart, John E. Bloomquist and Suzanne Taylor, Doney, Crowley,
                Bloomquist & Uda, P.C., Helena, Montana

        For Respondent:

                Lon Mitchell, Special Assistant Attorney General, Department of Labor and
                Industry, Helena, Montana

                           Submitted on Briefs:  October 19, 2004

                                   Decided:  May 4, 2005

Filed:

                               Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      William S. Crismore, Jr. ("Crismore") appeals from a March 15, 2004, Memorandum and Order of the District Court for the First Judicial District, Lewis and Clark County. The District Court affirmed a Final Order of the Montana Board of Outfitters ("Board") placing Crismore on probation for 18 months, requiring him to complete remedial education, and fining him $1000. We affirm.

¶2      We address the following issues on appeal:

¶3      1. Did the District Court err in concluding Crismore's procedural due process rights were not violated by the Montana Board of Outfitters?

¶4      2. Did the District Court err in concluding that the Montana Board of Outfitters properly exercised its authority to fine Crismore $1000 pursuant to § 37-1-312, MCA?

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶5      Crismore is the licensed owner and operator of Lazy JR Outfitters, Libby, Montana. Lazy JR Outfitters employs hunting guides who are required to be licensed by the Board. In November 2001, Crismore hired Justin Mack ("Mack") as a guide. Earlier in the 2001 hunting season, Mack had guided for another licensed outfitter, Virgil Burns ("Burns"). Mack told Crismore he was licensed as a guide for the 2001 hunting season. On November 3, 2001, even though he did not have his license with him, Mack guided a hunting party for Crismore. Crismore says that Mack told him he was licensed through Burns and that Burns had his license in his office. Crismore did not verify whether Mack actually had a license. Crismore says because it was a Saturday, they were getting ready to take clients on a hunt, and there was no time to get another guide, he relied on Mack's representation that he had

2

a valid license. Crismore utilized Mack as a guide from November 3 to 17, 2001.

¶6      In fact, the Board had not issued a license to Mack in 2001. Although Burns submitted the application and license fee on behalf of Mack, apparently due to an error in the paperwork, the Board returned the application to Burns without having issued a license.

¶7      On December 31, 2001, Crismore submitted his Outfitter License Renewal Application to the Board along with a copy of his Outfitter Client Report Log for 2001. He listed Mack as a licensed guide whose services he had employed. Upon review of Crismore's client log, the Montana Department of Labor and Industry Business Standards Division filed a complaint against Crismore accusing him of hiring an unlicensed guide in violation of § 37-47-301(7), MCA, and unprofessional conduct, in violation of § 37-1-316(18), MCA. Neither Mack nor Burns were charged along with Crismore.

¶8      A contested case hearing was held on April 4, 2003. Just prior to the hearing, Crismore admitted that he had hired an unlicensed guide in violation of § 37-47-301(7), MCA. The Department moved to dismiss the complaint under § 37-1-316(18), MCA, and the matter proceeded to hearing solely on the question of what sanction would be imposed for Crismore's violation of § 37-47-301(7), MCA.

¶9      On August 6, 2003, the Board issued a Final Order, wherein it adopted Findings of Fact, Conclusions of Law and Recommended Order of the Hearing Examiner issued on April 17, 2003. The Order placed Crismore on probation for 18 months, required him to pay a $1000 fine and to complete remedial education. Crismore appealed the decision to the District Court.

¶10     On March 15, 2004, the District Court issued its Memorandum and Order affirming

the decision of the Board.  This appeal followed.

## II. STANDARD OF REVIEW

¶11     Whether a person has been denied his or her right to due process is a question of constitutional law.  Our review of questions of constitutional law is plenary.  *In re A.S.*, 2004 MT 62, ¶ 9, 320 Mont. 268, ¶ 9, 87 P.3d 408, ¶ 9 (citation omitted).  A district court reviews an administrative decision in a contested case to determine whether the findings of fact are clearly erroneous in view of the reliable, probative and substantial evidence in the whole record and whether the agency correctly applied the law.  *See* § 2-4-704, MCA; *Baldwin v. Board of Chiropractors,* 2003 MT 306, ¶ 10, 318 Mont. 188, ¶ 10, 79 P.3d 810, ¶ 10.  We employ the same standards when reviewing a district court order affirming or reversing an administrative decision.  *Baldwin,* ¶ 10.

## III. DISCUSSION

### ISSUE ONE

¶12     **Did the District Court err in concluding Crismore's procedural due process rights were not violated by the Montana Board of Outfitters?**

¶13     Citing *Barry v. Barchi* (1979), 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365, and *Kiely Const., L.L.C. v. City of Red Lodge*, 2002 MT 241, 312 Mont. 52, 57 P.3d 836, Crismore argues that he has a property interest in his outfitter's license which entitles him to due process protections under the Fourteenth Amendment to the United States Constitution and Article II, Section 17 of the Montana Constitution.  Crismore argues that his due process rights were violated by the Board because it failed to disclose all of the relevant facts prior to the contested case hearing.  Specifically, the Board had not disclosed to Crismore until

4

after the hearing that Mack had applied for a guide license through Burns during the 2001 guide season, but unbeknownst to Mack, the application was returned to Burns for administrative reasons. Crismore argues the Board's failure to disclose this fact deprived him of the opportunity to present a full and complete defense at the hearing.

¶14 The Montana Constitution provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." Art. II, Sec. 17, Mont. Const. Similarly, the Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law. . . ."

¶15 Procedural due process requires both notice of a proposed action and some form of hearing that provides a meaningful and timely opportunity to be heard before property is taken. *Montana Media, Inc. v. Flathead County*, 2003 MT 23, ¶¶ 65-66, 314 Mont. 121, ¶¶ 65-66, 63 P.3d 1129, ¶¶ 65-66. Crismore does not dispute that the Board afforded him proper notice of the proposed action; he argues instead that he was not afforded a "meaningful" opportunity to be heard before the Board fined him and placed him on probation.

¶16 In this case the parties agree that Crismore has a protected property interest in his outfitter's license sufficient to invoke due process protections. *Kiely Const.*, ¶ 27. We conclude that Crismore was also given a meaningful and timely opportunity to be heard at the contested case hearing before the Board. Crismore's argument that if he had known Mack's application for a guide's license, submitted through Burns, had not been issued he could have applied for a temporary license for Mack, is at best disingenuous. It was Crismore who did not take the trouble to make sure that Mack had a license, which he was

5

clearly required to do. Crismore does not have the temerity to argue that the Board has the obligation to immediately inform every licensed outfitter the name of every person who applies for a guide's license that is not immediately granted.

¶17 Crismore has presented no reason why, or logical explanation of how, the fact that he was not told until after the hearing that Mack had applied for a license could have made a difference in the outcome of the hearing. Crismore admitted he violated his obligation under § 37-47-301(7), MCA, to employ only licensed guides, and that he violated his affirmative duty under Rule 8.39.514(4), ARM, to sign Mack's license when he employed him. Under these circumstances it makes no difference whether Mack had applied for a license, whether Crismore and Mack thought Mack was licensed, or why Mack's license had not been issued. It was Crismore's affirmative obligation to make sure that Mack was in fact licensed, and to this end see and sign the license when he engaged Mack's guide services. These violations of the law and regulations, together with a previous reprimand by the Board for a similar violation in May 2001, occasioned the sanctions imposed. Crismore has not been denied due process.

**ISSUE TWO**

¶18    **Did the District Court err in concluding that the Montana Board of Outfitters properly exercised its authority to fine Crismore $1000 pursuant to § 37-1-312, MCA?**

¶19    Crismore argues that the Board's imposition of an 18 month probationary period, $1000 fine and remedial training was too harsh a penalty for the violation committed, particularly in light of the fact that Crismore says he believed Mack was a licensed guide at the time he employed him. Thus, he states the Board abused its discretion in imposing the sanctions it did.

¶20    Crismore violated the law by hiring an unlicensed guide. Further, he had previously been reprimanded by the Board in May 2001 for a similar violation. The sanctions justified for this violation is a decision for the Board, not for the courts. Sanctions imposed by an administrative agency will not be overturned unless they are "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Section 2-4-704(2)(a)(vi), MCA; *State Personnel Div. v. Child Support Investigators*, 2002 MT 46, ¶ 26, 308 Mont. 365, ¶ 26, 43 P.3d 305, ¶ 26. Under the facts of this case, we conclude that the Board did not abuse its discretion in imposing the sanctions it did, for an admitted violation of the law, against an outfitter who had a previous, similar offense. Nor were the sanctions arbitrary and capricious, as they were specifically authorized by statute. *See* § 37-1-312(1), MCA.

¶21    Crismore next argues that the Board wrongfully imposed sanctions under § 37-1-312(1), MCA, which provides for several sanctions including payment of a fine not to exceed $1000 for each violation. Thus, he argues the District Court erred as a matter of law

7

in affirming that decision. He states the proper statute is § 37-47-344(1), MCA, which provides "[a] person who violates any provision of this chapter or rule adopted under this chapter is guilty of a misdemeanor and is punishable by a fine not exceeding $500.00."

¶22 Crismore's argument is that § 37-47-344(1), MCA, is in Part 3 of Chapter 47, which specifically pertains to Outfitters and Guides; whereas § 37-1-312(1), MCA, is in Part 3, of Chapter 1, and generally applies to licensing and regulation of occupations and professions. Citing *Redies v. Cosner*, 2002 MT 86, ¶ 19, 309 Mont. 315, ¶ 19, 48 P.3d 697, ¶ 19, Crismore argues the Board was in error because specific statutory provisions control over general statutory provisions. He reasons the Board was only authorized to impose a $500 fine pursuant to § 37-47-344(1), rather than the $1000 maximum fine provided for in § 37-1-312(1), MCA.

¶23 Crismore's argument has no basis in law. The Board has no authority to conduct a criminal proceeding, with its attendant right to a trial by jury, which could have lead to conviction of a misdemeanor offense and a sentence imposed under § 37-47-344(1), MCA. Jurisdiction over misdemeanor offenses is vested in the courts of limited jurisdiction. Sections 3-10-303; 3-11-102, 103; 3-6-103; 46-2-202, 203, 204, MCA.

¶24 Section 37-1-303, MCA, provides in part that "[t]his part governs the licensure, the practice and unauthorized practice, and the discipline of professions and occupations governed by this title unless otherwise provided by statutes relating to a specific board and profession or occupation it regulates." There is no provision in Title 37 which removes from the Board consideration of whether an outfitter has followed the law and the regulations. Therefore, the Board had the authority to conduct a hearing concerning Crismore, and

correctly imposed sanctions pursuant to § 37-1-312(1), MCA.

¶25 Accordingly, the District Court did not err in concluding that the Board properly exercised its authority to fine Crismore $1000 pursuant to § 37-1-312(1), MCA.

## IV. CONCLUSION

¶26 The judgment of the District Court, affirming the Final Order of the Montana Board of Outfitters placing Crismore on probation for 18 months, requiring him to complete remedial education and fining him $1000, is affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

9