DA 06-0434

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 252N

ROBERT L. WHITE,

        Petitioner and Appellant,

   v.

DEPARTMENT OF LABOR and INDUSTRY and
MONTANA BOARD OF REALTY REGULATION,

        Respondents and Appellees.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV-05-107
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Robert L. White (Pro Se), Livingston, Montana

        For Appellees:

        M. Gene Allison, Special Assistant Attorney General, Helena, Montana

Submitted on Briefs:  January 31, 2007

Decided:  October 2, 2007

Filed:

_____
                  Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Robert L. White (White) appeals from an order of the Sixth Judicial District Court, Park County, affirming a decision of the Montana Board of Realty Regulation, Department of Labor and Industry (Board) dismissing White's petition for relief. We affirm.

¶3     White is a real estate salesperson licensed in Montana and subject to the authority of the Board. In representing a purchaser, White utilized a Montana Association of Realtors (MAR) buy-sell agreement form copyrighted by the National Association of Realtors (NAR) and intended for use only by a member of NAR or MAR. At the time he used the form, White was not a member of either NAR or MAR.

¶4     The Board received a complaint alleging White's unlawful use of a copyrighted MAR buy-sell agreement form to submit an offer on a property in Livingston, Montana. The Screening Panel of the Board investigated the complaint and found reasonable cause to take disciplinary action against White. White elected to contest the proposed action and the matter proceeded to a contested case hearing before the Board.

¶5     A Board hearing examiner found White in violation of §§ 37-1-316(5), 37-1-316(18) and 37-51-321(1)(d), MCA, and submitted Proposed Findings of Fact, Conclusions of Law, and Recommended Order to the Adjudication Panel of the Board. On White's request, the

matter came before the Board for oral argument on March 24, 2005. After oral argument, the Board issued its Final Order. The Board affirmed the Hearing Examiner's proposed findings, conclusions and recommended order. The Board fined White $250. White petitioned for review. After considering both parties' briefs and the arguments made, the District Court affirmed the Board's decision and dismissed White's petition. This appeal followed.

¶6 A district court reviews an administrative decision to determine whether the findings of fact are clearly erroneous in view of reliable, probative and substantial evidence in the whole record and whether the agency correctly applied the law. We employ the same standards when reviewing a district court order affirming or reversing an administrative decision. *Crismore v. Montana Bd. of Outfitters*, 2005 MT 109, ¶ 11, 327 Mont. 71, ¶ 11, 111 P.3d 681, ¶ 11; § 2-4-704, MCA.

¶7 A non-member real estate licensee violates § 37-51-321(1)(d), MCA, when using a trade name or insignia of membership of a group to which the licensee does not belong. A licensee may be found to have violated a provision of § 37-1-316, MCA, or a rule of professional conduct enacted by a governing board without proof that the licensee acted purposefully, knowingly, or negligently. Section 37-1-320, MCA. The record shows the Realtor® insignia at the top of the buy-sell agreement used by White during business transactions for one of his realty clients. At the time he used the NAR/MAR form, White was not a member of either NAR or MAR. Therefore, White's use of the Realtor® form violates §§ 37-1-316(5), 37-1-316(18) and 37-51-321(1)(d), MCA.

¶8    It is manifest on the face of the briefs and record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.

¶9    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS